# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PRISCELLA SAINTAL-SMITH,

    Plaintiff(s),

v.

ALBERTSON'S, LLC, et al.,

    Defendant(s).

Case No.: 2:18-cv-01478-APG-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1).

**I.**     *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964, the 1st Amendment, and the 8th Amendment. *See* Compl. (ECF No. 1-1). The Court will address the sufficiency of those claims below.

    A.    Title VII

Plaintiff alleges she was subjected to race, religion, and national origin discrimination and retaliation under Title VII. To sufficiently allege a prima facie case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege that: (1) she is a member of a

protected class; (2) she was performing according to the Company's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *Gardner v. LKM Healthcare, LLC*, 2012 U.S. Dist. LEXIS 111415 (D. Nev. July 27, 2012).

In order to make out a *prima facie* case of retaliation, Plaintiff must show: (1) involvement in a protected activity, (2) a "materially adverse" action, and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)); *see also*, *Burlington Northern & Santa Fe Rwy. Co. v. White*, 458 U.S. 53, 68 (2006) (setting forth the "materially adverse" standard). To prove causation, Plaintiff "must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the 'adverse employment decision and that but for such activity' the adverse employment action would not have occurred." *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002).

To her Complaint, Plaintiff attaches her inquiry questionnaire date stamped as received by the EEOC on October 3, 2017, her charge dated October 3, 2017, and the dismissal and right to sue issued by the EEOC on June 19, 2018. The Court may take judicial notice of these documents. *See*, *e.g., Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports of administrative bodies' "), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2:12–cv–01837–JCM–PAL; 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) (taking judicial notice of EEOC proceedings and documents submitted therein). As a result, the Court finds that Plaintiff timely filed this action and exhausted her administrative remedies with respect to her race, and religion claims.

However, she also indicated on her complaint that she is asserting a claim for national origin discrimination and no mention of such category is made in her inquiry form or charge. The Court cannot consider incidents of discrimination not included in an EEOC charge "unless the new

claims are like or reasonably related to the allegations contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quotation omitted). A claim is like or reasonably related to allegations in an EEOC charge if the claims "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* To make this determination, the Court considers factors such as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quotation omitted). Here, the Court cannot find that her national origin discrimination claim is like or reasonably related to the race and religion claims and therefore, finds it was not administratively exhausted. If Plaintiff attempts to amend her complaint and reallege this claim, then she should include factual allegations for the court to determine whether she timely exhausted her administrative remedies.

Moreover, Plaintiff's Title VII discrimination and retaliation claims lack sufficient factual allegations to find she can state a plausible claim for relief. It is not clear whether she has suffered an adverse employment action to state a claim for discrimination and when she engaged in protected activity to state a claim for retaliation. Additionally, she names individual defendants, which is not permitted under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). Rather, Plaintiff may only bring suit against her employer, who may be found liable for the actions of its employees under the respondeat superior theory of liability.

B. Constitutional Claims

Plaintiff next conclusorily states that Defendants violated the 1st and 8th Amendments. However, she fails to allege any factual allegations to identify the basis for these claims. Indeed, Plaintiff has failed to allege that her claims are brought under 42 U.S.C. § 1983, which provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Even if Plaintiff had properly raised Section 1983 to assert a violation of the First and Eighth Amendments, Plaintiff did not -

4

allege that Defendants acted under "color of law," which is not plausible given that Defendants are a private employer and its employees. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

    C.     Screening Conclusion

For the reasons stated above, the complaint does not state a claim for which relief can be granted under either Title VII or the U.S. Constitution. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent she believes she can state a claim.

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **September 19, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 22, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE