# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PRISCELLA SAINTAL-SMITH,

    Plaintiff(s),

v.

ALBERTSON'S, LLC, et al.,

    Defendant(s).

Case No.: 2:18-cv-01478-APG-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has been granted authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 5). Plaintiff has submitted an amended complaint. (ECF No. 7). The Court will now screen the amended complaint pursuant to § 1915(e)(2). In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

(9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

For the second time, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964, the 1st Amendment, and the 8th Amendment. *See* Amended Compl. (ECF No. 7). The Court will address the sufficiency of those claims below.

A.  Title VII

Plaintiff alleges she was subjected to race and religious discrimination and retaliation under Title VII. To sufficiently allege a prima facie case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege that: (1) she is a member of a protected class; (2) she was performing according to the Company's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *Gardner v. LKM Healthcare, LLC*, 2012 U.S. Dist. LEXIS 111415 (D. Nev. July 27, 2012).

In order to make out a *prima facie* case of retaliation, Plaintiff must show: (1) involvement in a protected activity, (2) a "materially adverse" action, and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.*,

2

113 F.3d 1079, 1080 (9th Cir. 1997)); *see also*, *Burlington Northern & Santa Fe Rwy. Co. v. White*, 458 U.S. 53, 68 (2006) (setting forth the "materially adverse" standard). To prove causation, Plaintiff "must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the 'adverse employment decision and that but for such activity' the adverse employment action would not have occurred." *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002).

In her Amended Complaint, Plaintiff claims that she filed a charge with the EEOC on October 3, 2017 and received a dismissal and right to sue letter on June 21, 2018. She also attaches the dismissal and notice of rights letter dated June 19, 2018. As a result, the Court finds that Plaintiff timely filed this action and exhausted her administrative remedies with respect to her Title VII claims.

Moreover, Plaintiff's Amended Complaint includes sufficient factual allegations for the Court to find she can state a plausible claim for relief under Title VII. She alleges that there were statements made to her regarding her race and religion. She also alleges that she reported the incident to her employer's hotline to file a complaint and was subsequently transferred. It appears as though Plaintiff has suffered an adverse employment action and engaged in a protected activity. While a thin showing on the elements of Title VII discrimination and retaliation claims, the Court finds the allegations in the Amended Complaint sufficient to survive the screening process given Plaintiff's status as a *pro se* litigant.[1]

B. <u>Constitutional Claims</u>

Plaintiff's Amended Complaint makes one mention of the 1st and 8th Amendments in a heading under basis of jurisdiction. However, she does not identify any factual allegations under these laws and the Court cannot identify any basis for these laws to be implicated here. As such, the Court construes Plaintiff's Amended Complaint to intend to state claims under Title VII only.

C. <u>Screening Conclusion</u>

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10 Cir. 2012). As such, nothing herein prevents Defendant from filing a motion to dismiss.

3

In light of the above, it is hereby **ORDERED** that:

1. The Clerk of the Court shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the amended complaint (ECF No. 7) to the U.S. Marshal for service.

2. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

3. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

4. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: October 16, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

4